```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARGARET HANDLEMAN, parent of a disabled
student, MAYA HANDLEMAN,

                          Plaintiff,
                                                    07-CV-6021

              v.                                    DECISION
                                                    and ORDER
BOARD OF EDUCATION OF PENFIELD CENTRAL
SCHOOL DISTRICT,

                          Defendant.
_____
```

## INTRODUCTION

Plaintiff Margaret Handelman, parent of a disabled student and acting on her own behalf and as representative of her minor child Maya Handelman ("plaintiff"), brings this action pursuant to the Individuals in Education with Disabilities Act ("IDEA"), 20 U.S.C. §§ 1401 *et seq*. against defendant the Board of Education of Penfield Central School District (the "District"), seeking review of an administrative decision, which was reversed by the State Review Officer of the New York State Education Department, that allowed plaintiff to be reimbursed for an independent evaluation as well as tuition reimbursement for plaintiff's placement of her daughter in a private school.

By motion dated March 30, 2007, plaintiff moves for permission to supplement the administrative record created in response to an impartial hearing request and a subsequent appeal to the New York Office of State Review. Defendant opposes plaintiff's motion to supplement the record arguing that there are no special circumstances in this case warranting the Court's hearing or receiving additional evidence.

For the reasons set forth above, I deny the plaintiff's motion to Supplement the Administrative Record.

## BACKGROUND

Maya Handelman ("Maya") has been diagnosed with a number of disorders including attachment disorder, dysthymic disorder, and oppositional defiant disorder. She is currently a tenth grade student with a disability, classified as emotionally disturbed.

Maya's mother, the plaintiff herein, resides in the Penfield Central School District. Maya attended classes at the District's Bay Trail Middle School until November 3, 2005. In the beginning of the 2005 school year, Maya refused to engage in her schoolwork and, as of the fifth week of school, was not passing. However, according to plaintiff, the staff did not recommend changes to deal with Maya's failures and lack of motivation. Maya's history,[1] together with her failures in October 2005 and the District staff's inability to recommend any changes, prompted plaintiff to find help elsewhere. Initially, plaintiff met with Maya's social worker, Jane Richards-Hyde, at Bay Trail Middle School. Ms. Richards-Hyde directed plaintiff to consult with George Posner, Ph.D., an educational consultant.

In October 2005, plaintiff met with Dr. Posner to discuss Maya's needs. Based upon Dr. Posner's recommendation and agreed to by Ms. Richards-Hyde, plaintiff decided that Maya would attend a program called Second Nature Entrada ("Second Nature"). Maya stayed at Second Nature

---

[1] Historically, Maya struggled academically and emotionally at school. There are notes indicating Maya's low test scores as being linked to her emotional status and minimal effort. Further, there are documents showing Maya as having acute emotional distress, attention deficit hyperactivity disorder and sensitive temperament.

from November 4, 2005 until February 2006. While at Second Nature, Matthew Hoag, Ph.D., a clinical psychologist, performed a comprehensive assessment of Maya's cognitive, academic achievement and social and emotional activities. As a result of his tests, Dr. Hoag recommended that Maya be transferred to a therapeutic residential school. Maya's primary therapist at Second Nature, Dr. Paul Goddard, also suggested a residential program. Accordingly, Maya transferred from Second Nature to Logan River Academy ("Logan River"), a therapeutic boarding school in Logan, Utah on or about February 10, 2006.

Plaintiff attended two meetings of the Committee on Special Education ("CSE") in the fall of 2005 for Maya's annual review. The first meeting was a sub-committee meeting on October 20, 2005, wherein plaintiff requested that the CSE consider placing Maya in a residential program. The second meeting, which involved the full committee, occurred on November 21, 2005. Rather than recommend residential placement, the CSE recommended day treatment, and accordingly, issued an Individualized Education Plan ("IEP").

By letter dated January 13, 2006, plaintiff requested an impartial hearing in response to CSE's recommendation raising a number of issues including procedural and substantive violations under the IDEA and the New York State Education Law Article 89. With respect to the procedural violations, plaintiff alleged, among other things, the District's failure to include a representative from Monroe County at the CSE meetings and the failure to evaluate Maya. As to substantive issues, plaintiff alleged that Maya's IEP, developed at a CSE meeting on November 21, 2005, inadequately described Maya's present levels of

performance, failed to include relevant goals and objectives and offered an inappropriate program and placement. As required, plaintiff provided a solution that included a request for reimbursement of Dr. Hoag's comprehensive evaluation and for tuition and related expenses for her unilateral placement of Maya at a therapeutic boarding school.

An Impartial Hearing Officer ("IHO") rendered a decision on June 26, 2006 and determined that plaintiff was entitled to reimbursement for Dr. Hoag's evaluation and for Maya's unilateral placement at Logan River. The District filed a petition for review to the Office of State Review ("OSR") on July 31, 2006. On September 18, 2006, the State Review Officer ("SRO") issued a decision reversing the IHO except with his finding that the District failed to offer a free appropriate public education. Further, the SRO concluded that the District had sufficiently evaluated Maya, that it had not made available an appropriate program and placement, that services at Logan River were appropriate to meet Maya's need but that it did not satisfy the least restrictive environment ("LRE") requirement. Plaintiff filed her Complaint on January 10, 2007.

## DISCUSSION

### I.  Standard For Receiving Additional Evidence

IDEA provides that a court reviewing an administrative decision "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." See 20 U.S.C. § 1415(i)(2)(B). Notwithstanding the "shall hear additional evidence" language, appellate

courts have construed the statute to provide district courts with discretion to determine whether to hear such evidence. See Walker Cty. Sch. Dist. v. Bennett, 203 F.3d 1293, 1298-99 (11th Cir. 2000) (discussing circuit court decisions). However, neither IDEA nor its legislative history make clear whether the statute should be construed as establishing a relaxed standard or a standard that strictly limits the parties' ability to present additional evidence. See Konkel v. Elmbrook Sch. Dist., 348 F.Supp.2d 1018, 1020 (E.D. Wisc. 2004). Moreover, in deciding whether to receive additional evidence, courts have not applied a uniform standard. Id.

The leading case on the issue is Town of Burlington v. Dep't of Educ., 736 F.2d 773 (1st Cir. 1984), in which the court construed "additional" to mean "supplemental." Id. at 790. Guided by the Supreme Court's decision in Bd. of Educ. v. Rowley, 458 U.S. 176, 206 (1982), which required courts to give "due weight" to the administrative proceedings, the First Circuit reasoned that repeating or embellishing a witness's prior hearing testimony "would be entirely inconsistent with the usual meaning of 'additional.'" Id. The court held that the administrative record should be the main source of evidence with limited additions, but rejected a rigid rule that would "unduly limit" the reviewing court's discretion. Id. Rather, the court suggested a "practicable approach," a rebuttable presumption in favor of foreclosing additional evidence. Id. at 791; see also Springer v. Fairfax Cty Sch. Bd., 134 F.3d 659, 667 (4th Cir. 1998).

Although the Second Circuit has yet to define the precise contours of the IDEA's additional evidence provision, the Court believes that the

Second Circuit would adopt the Burlington standard because it represents the approach adopted by a majority of those Circuits deciding the issue. The First Circuit, the Eighth Circuit, the Ninth Circuit, and the Eleventh Circuit utilize the Burlington standard in determining the extent of record supplementation allowed under the IDEA's "additional evidence" provision. See Burlington, 736 F.2d at 790; see also Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1472-73 (9th Cir.1993); Walker County, 203 F.3d at 1299 (11th Cir.2000). The Third Circuit has stated that a district court should consider additional evidence that is "relevant, non-cumulative, and useful." See Susan N. v. Wilson Sch. Dist., 70 F.3d 751, 760 (3d Cir.1995). The Fourth Circuit has stated that "[a] lenient standard for additional evidence would have the consequence of making the whole IDEA process more time consuming, as parties scramble to use the federal court proceeding to patch up holes in their administrative case." See Springer, 134 F.3d at 667. In short, the general consensus is that the IDEA's "additional evidence" provision is limited, and the decision of whether to allow additional evidence is discretionary with the district court.

The Eighth Circuit has also stated that the IDEA permits a reviewing court to admit additional evidence to supplement the record if a party has a solid justification for doing so; however, rendering a decision on the record compiled before the administrative agency is the norm. See Indep. Sch. Dist. No. 283 v. S.D. ex rel. J.D., 88 F.3d 556, 561 (8th Cir.1996) (citing to Burlington and First Circuit precedent); West Platte R-II Sch. Dist. v. Wilson, 439 F.3d 782, 785 (8th Cir.2006). West Platte was significant because the Eighth Circuit

affirmed a district court's decision to entirely preclude the school district from supplementing the administrative record. Id. at 785. The court stated the following:

> The additional evidence that the District attempted to provide related to the progress and status of L.W. subsequent to the administrative hearing. The district court concluded that the District failed to provide a solid justification for supplementing the administrative record. Considering the vast and detailed administrative record that was compiled, together with the fact that we normally determine these issues based solely on the administrative record, we conclude that the district court did not abuse its discretion in denying the District's request to supplement the record.

Id. West Platte supports the position that a court may entirely preclude "additional evidence" under the Burlington standard even if a party requests the admission of additional evidence under 20 U.S.C. § 1415(i)(2)(C).

As previously noted, the Second Circuit has not established a clear standard for resolving the "additional evidence" issue. Nevertheless, several district courts in this Circuit, while noting that the Second Circuit has not decided the issue, have followed varying approaches from various sister circuits. See e.g. Mavis v. Sobol et al., 839 F.Supp 968 (N.D.N.Y. 1993); see also J.R. v. Bd. of Educ. of City of Rye Sch. Dist., 345 F.Supp.2d 386, 395 (S.D.N.Y. 2004). In Mavis, a case in which plaintiff relied on, the court, relying on the First Circuit's decision in Burlington noted that the reasons for why a party may seek the opportunity to present additional evidence will vary: "[T]hey might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning

relevant events occurring subsequent to the administrative hearing." Mavis, 839 F.Supp. at 979.

## II. Application Of The Standard

The "additional evidence" plaintiff seeks to submit is the testimony of two witnesses and approximately eight exhibits. Plaintiff's designated witnesses are (1) Matt Erickson, LCSW, Maya's primary therapist and (2) George Posner, Ph.D, educational consultant (he did not testify in the administrative hearing). Plaintiff also wishes to supplement the administrative record with the following exhibits: academic and treatment progress reports from Logan River encompassing the period from March 24, 2006 through November 22, 2006.

Plaintiff does not offer reasons for this Court to exercise its discretion to receive additional evidence. Rather, plaintiff recounts factual allegations regarding the underlying events, which were the subject of the administrative hearing. As the Burlington court recognized, there are important policy reasons why, in the absence of persuasive justification, courts should not receive additional evidence at the judicial review stage of an IDEA proceeding. See Burlington, 736 F.2d at 791. First, taking additional evidence delays the resolution of the dispute and undercuts IDEA's goal of finality. As the Eleventh Circuit observed in a slightly different context, "the most effective means of ensuring disabled children receive an education tailored to meet their specific needs is to provide prompt resolution of disputes over a child's IEP." Cory D. ex rel. Diane D. v. Burke County Sch. Dist., 285 F.3d 1294, 1299 (11th Cir. 2002).

Second, a relaxed approach to admitting additional evidence undercuts one of the purposes of the due process hearing -- developing a complete factual record. See, e.g., Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 790 (2d Cir. 2002). An open-ended additional evidence standard might create a disincentive for a party to present its strongest case, which might involve costly expert witnesses, at the hearing. See Burlington, 736 F.2d at 791. Thus, consistent with the above statements and the policy reasons recognized in Burlington and other cases, a court should receive additional evidence at the judicial review stage of an IDEA proceeding only if the movant provides a particularized and compelling justification for doing so. This showing should include an explanation both as to why the evidence was not presented at the administrative level and why it is probative of the issues before the court. The probative value of the proposed evidence will of course depend upon the nature of the dispute before the court. While the proponent need not provide a verbatim recitation of the supplemental evidence, it must provide the court with a synopsis sufficient to determine its relevance.

Here, plaintiff fails to present any reason for the Court to consider receiving the additional evidence. Indeed, plaintiff's Affirmation requests permission to provide additional evidence but does not describe a single reason for doing so. Further, one of the documents, a letter dated March 24, 2006 from Matt Erickson to plaintiff, which plaintiff seeks to add to the record was already attached to the Complaint and is already part of the original record as Parent Exhibit 5. Accordingly, it would be duplicative, confusing and

prejudicial to receive it now as additional evidence. The other letters dated April 24, 2006, May 19, 2006, June 30, 2006, July 21, 2006, September 27, 2006, October 11, 2006 and November 22, 2006, all from Matt Erickson to plaintiff will not be supplemented into the administrative record. The only matter at issue in this action is plaintiff's request for reimbursement of expenses in connection with the 2005-2006 school year. The letters dated July 21, September 27, October 11, and November 22, all relate to periods outside of the 2005-2006 school year, which ended June 30, 2006. Plaintiff has not provided this Court with a particularized and compelling justification for admitting this additional evidence.

Moreover, the April 24, 2006 letter is also rejected since plaintiff made her written post-hearing submission to the IHO on May 23, 2006, a full month after the April 24, 2006 letter. Plaintiff chose not to submit the letter to the IHO at that time and is not allowed to do so at this time. See Beth B. v. VanClay, 211 F.Supp.2d 1020, 1025 (N.D.Ill. 2001) (stating that trial court must be careful not to allow supplemental evidence to change character of action from one of review to a trial de novo and should consider reason evidence was not available at administrative hearing). In addition, neither in her Answer of August 2006 or in any other filing with the OSR did plaintiff request that the May 19, 2006 and June 30, 2006 letters be received during the appeal of the administrative proceedings when plaintiff clearly could have done so. Thus, the Court will not allow submission of the letters as supplemental evidence.

Exclusion of the testimony of Matthew Erickson, LCSW and the testimony of George Posner, Ph.D is also proper. Although the Burlington court declined to adopt a rigid rule precluding the testimony of all who did, or could have, testified at the administrative hearing, it noted that exclusion would be the proper result in the majority of cases. Burlington, 736 F.2d at 790. "In ruling on motions for witnesses to testify, a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." Id. at 791.

Here, Erickson had previously testified at the administrative hearing. As stated by the Burlington court, it is an appropriate limit, in many cases, to disallow testimony for all who did, or could have, testified before the administrative hearing. Id. at 790; see also Roland M. v. Concord Sch. Comm., 910 F.2d 983, 997 (1st Cir. 1990) (In evaluating a district court's decision to exclude additional testimony of three expert witnesses, Court stated that "we refuse to reduce the proceedings before the state agency to a mere dress rehearsal by allowing appellants to transform the Act's judicial review mechanism into an unrestricted trial de novo"). Likewise, Dr. Posner met with plaintiff in October 2005 and plaintiff presented her case with the IHO in the Spring of 2006 and also before the OSR in the summer of 2006. Yet, plaintiff chose not to call Dr. Posner as a witness. Thus, she is

not allowed to re-litigate her case before this Court by presenting him as a witness for the first time after the conclusion of the hearing.

Finally, plaintiff's reliance on Mavis is misplaced. The issue in that case involved determining where the school district should place the student. Here, however, the action is one for reimbursement for unilateral private parental placement. In Mavis, it was proper to receive additional evidence because the court was trying to determine where the student should be placed currently and not, whether or not to reimburse parents for a private unilateral placement outside the school district. Since the Court was deciding a question of current placement, it was proper to be brought "up-to-date" on the student's status. In this case, current placement of a student is not an issue. The only issue before this Court is reimbursement costs for the private parental placement made for part of the 2005-2006 school year. Accordingly, the 2006-2007 school year and subsequent years are not before this Court. Thus, evidence not presented below and evidence concerning events occurring after will not be accepted as supplemental evidence.

## CONCLUSION

For the reasons set forth above, I deny plaintiff's Motion to Supplement the Administrative Record.

**ALL OF THE ABOVE IS SO ORDERED.**

                                              S/Michael A. Telesca
                                                MICHAEL A. TELESCA
                                       United States District Judge

Dated:    Rochester, New York
           October 19, 2007